```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____

KEVIN STRAWBRIDGE,
                                    Civil No. 16-1378 (NLH/KMW)

              Plaintiff,            MEMORANDUM OPINION & ORDER
v.

CHERRY HILL FBI OFFICE and
PATCO (port authority),

              Defendants.
_____
```

**APPEARANCES:**

Kevin Strawbridge
1200 West Park Ave.
Lindenwold, NJ 08021

    *Plaintiff Pro Se*

**HILLMAN, District Judge:**

This screening follows the filing of Plaintiff Kevin Strawbridge's complaint and in forma pauperis (IFP) application [Doc. No. 1].  For the following reasons, the Court will grant Plaintiff's application to proceed IFP and dismiss Plaintiff's complaint without prejudice.

Under the Prison Litigation Reform Act (PLRA) the Court, prior to docketing or as soon as practicable after docketing, must also review the complaint in a civil action in which a plaintiff is proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2)(B).  The PLRA requires the Court to *sua sponte*

1

dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.  A "document filed pro se is to be liberally construed, . . . and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted); see also Haines v. Kerner, 404 U.S. 519, 520 (1972).

In considering whether the plaintiff's complaint fails to state a claim, the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005); see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) ("[I]n deciding a motion under Fed. R. Civ. P. 12(b)(6), [a district court is] . . . required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to" the plaintiff).

The Court must ask "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims[.]'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 583 (2007) (quoting Scheuer v. Rhoades, 416 U.S.

2

232, 236 (1974)); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions[.]'") (citation omitted).

Here, Plaintiff alleges that the FBI has been abducting women from the Lindenwold PATCO line, and then "torturing them and beating them and raping them and trying to do other forms of torture by brainwashing them [] with lies to separate them from friends and family and forcing them into prostitution." Compl. at 3 [Doc. No. 1] Plaintiff further alleges that PATCO employees have been helping the FBI accomplish this task. Id. at 8.

Plaintiff does not have standing to bring claims for constitutional rights violations and intentional torts committed against other people. "[B]efore a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue." Whitmore v. Arkansas, 495 U.S. 149, 154 (1990). Indeed, a litigant must establish he has suffered "injury in fact" and that the injury is capable of being redressed by the court. Id. at 155. Plaintiff alleges only that others have been injured and has not stated a claim likely to be redressed by a favorable decision. Id. Accordingly, Plaintiff lacks standing to bring this complaint, and on this ground alone Plaintiff's complaint must be dismissed.

Accordingly,

IT IS on this   14th   day of   March   , 2016

ORDERED that Plaintiff's IFP application [Doc. No. 1) be, and the same hereby is, **GRANTED**, and the Clerk is directed to file Plaintiff's complaint; and it is further

ORDERED that Plaintiff's complaint be, and the same hereby is, **DISMISSED WITHOUT PREJUDICE**; and it is further

ORDERED that the Clerk is directed to mark this matter as CLOSED.

                                                  s/ Noel L. Hillman  
                                                  NOEL L. HILLMAN, U.S.D.J.

Date:  March 14, 2016

At Camden, New Jersey