

**U.S. Department of Justice**
*Consumer Protection Branch*

March 27, 2018

<u>VIA ECF</u>

The Honorable Renee Marie Bumb
United States District Court
District of New Jersey
Mitchell H. Cohen Courthouse
4th & Cooper Streets
Camden, NJ 08101

  RE: <u>Cannon *et al.* v. Ashburn Corp. *et al.*, 1:16-cv-01452-RMB-AMD</u>

Dear Judge Bumb,

  We write on behalf of United States, which is an interested party in the above-captioned matter. We respectfully submit this letter in response to the Court's request for supplemental filings following the March 19, 2018 fairness hearing.

  The United States expressed its concerns with the proposed settlement in its filed statement of interest and at the fairness hearing. As noted at the hearing, the United States remains skeptical of the proposed settlement's use of a seemingly unnecessary threshold verification form and provision of limited-value coupons initially to compensate class consumers. The use of such features in any class-action settlement raises concerns that class consumers may not receive much of actual value from a settlement, especially if – as here – the issued coupons require consumers to engage in substantial future business with a defendant that supposedly harmed them.

  The United States, however, appreciates that the parties now have substantially improved the overall structure and value of the proposed settlement in response to the United States' and others' concerns. In particular, the United States views positively the parties agreement to: (1) transfer $500,000 from class counsels' requested fee to a cash fund for class consumers; (2) extend the coupon redemption period to 18 months; (3) defer class counsel's request for $1.2 million in fees until after the redemption period; (4) provide that any amount of the requested $1.2 million in fees not awarded to class counsel shall transfer to supplement the cash fund for class consumers; (5) issue notice of these revised terms to class consumers; and (6) extend class consumers' verification period until May 15, 2018. Each of these revisions represents a material improvement to the proposed settlement – providing more actual value to class consumers. Taken together with the already established coupon-claim rate, the United States believes the revisions are sufficient to allow the Court to approve the amended proposed settlement as fair, adequate, and reasonable.

Lastly, the Court inquired at the fairness hearing whether it was necessary to provide class consumers with another opportunity to object to the revised proposed settlement after receiving additional notice of the revised terms and an extended verification period. The Third Circuit noted in a footnote of its *Baby Products* decision that "[c]lass members should be notified of any material alterations to the settlement and permitted to object to them before the Court approves the settlement." *In re Baby Prods. Antitrust Litig.*, 708 F.3d 163, 175 n.10 (3d Cir. 2013). But where, as here, the terms of a proposed settlement only have improved for class consumers and additional notice and opportunity to claim the benefits of the settlement have been afforded, it may be appropriate for the Court to approve the revised proposed settlement without inviting further objections. *See, e.g.*, *In re Nat'l Football League Players' Concussion Injury Litig.*, 307 F.R.D. 351, 386 (E.D. Pa. 2015); *Shaffer v. Cont'l Cas. Co.*, 362 F. App'x 627, 631 (9th Cir. 2010); *cf.* Manual for Complex Litigation § 21.61 (4th ed.) ("If the fairness hearing leads to substantial changes *adversely affecting* some members of the class, additional notice, followed by an opportunity to be heard, might be necessary.") (emphasis added).

The United States remains appreciative of the Court's consideration of its views, and undersigned counsel are available at the Court's convenience to appear and address any further issues in this matter.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

ETHAN P. DAVIS
Deputy Assistant Attorney General

GUSTAV W. EYLER
Acting Director
Consumer Protection Branch

_____/s/ Joshua D. Rothman_____
Joshua D. Rothman
Trial Attorney
Consumer Protection Branch
Department of Justice, Civil Division
P.O. Box 386
Washington, D.C. 20044
202-514-1586
Joshua.D.Rothman@usdoj.gov

*Counsel for the United States*